IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FRANCOIS JOHNSON and <br> TIA JOHNSON, <br> <br>     Plaintiffs, <br> <br> v. <br> <br> VILLAGES OF BENNINGTON <br> PROPERTY OWNERS <br> CONSERVANCY, CRYE-LEIKE <br> MANAGEMENT COMPANY, <br> ABDULLAH HASAN, <br> WILLIAM E. MILLER & <br> ASSOCIATES, and WILLIAM E. <br> MILLER, <br> <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Case No.:  2:17-cv-02260-JTF-egb <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

On April 14, 2017, *pro se* Plaintiffs Francois & Tia Johnson filed this Complaint against Villages of Bennington Property Owners Conservancy, Crye-Leike Management Company, Abdullah Hasan, William E. Miller & Associates, and William E. Miller (collectively, "Defendants") and accompanied their Complaint with a motion to proceed *in forma pauperis* (D.E. 1-3). In an order issued on November 22, 2017, the Court granted Plaintiffs leave to proceed *in forma pauperis* (D.E. 10).  This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.  (Admin. Order 2013-05).

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

1

>    (i)      is frivolous or malicious;
>
>    (ii)     fails to state a claim on which relief may be granted; or
>
>    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-

2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

      Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1331 alleging discriminatory and deceitful business practices, failure to follow covenant violations enforcement process, making false allegation about motor vehicle being inoperable, failure to show proof of authority, failure to give notice of annually meetings [sic], alleged false conversation claims, alleging false emergency incidents, threatening illegal towing, alleging personal items as garbage, and breach of contract.  Based upon a broad interpretation of Plaintiffs' Complaint, it appears Plaintiffs had a dispute with their home owners' association about what Defendants allege is an inoperable vehicle at Plaintiffs' home.  Plaintiffs received a fine notice for $200 because the Defendants alleged that an emergency vehicle couldn't gain access to the cover where Plaintiffs live because of the inoperable vehicle.  Plaintiffs contend that they never received violation notices of steps 1-3 of the home owners' covenant violation and were just progressed to step 4, the $200 fine.  Plaintiffs do not state that the vehicle is operable, just that Defendants have no proof that the vehicle is inoperable.  Additionally, according to Plaintiffs' Complaint, Defendants refer to the contents inside the vehicle as trash and Plaintiffs assert that Defendants have no proof the

contents are trash. Plaintiffs also take issue with a notice from Defendants threatening to tow the inoperable vehicle because Defendants have not shown proof that they have the ability to tow the vehicle. It cannot be determined from Plaintiff's Complaint if the vehicle was ever actually towed or not. Furthermore, Plaintiffs' declare that no conversation happened between Plaintiff Francois Johnson and Defendant Hasan about conforming to the home owners' association, as Plaintiffs' believe Defendants assert. Lastly, Plaintiffs' emphasize they were forced to join the home owners' association under duress because it was the day of their home closing and they risked being homeless.

      The Magistrate Judge must first determine whether it has subject matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Under Rule 12(h)(3)

of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action ."

Plaintiffs allege that the Court has federal question jurisdiction under 28 U.S.C. § 1331, which states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "Whether a claim presents a federal question is determined by looking to the plaintiff's statement of his own claim." *Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet,* 115 F. App'x 813, 816 (6th Cir.2004)(internal quotation marks omitted).  All the claims presented in Plaintiffs' Complaint arise under state law.[1]  Plaintiffs do not make any claims arising under the Constitution, laws, or treaties of the United States.  Plaintiffs' mere citation to the federal question jurisdiction statute does not confer jurisdiction on this Court.

Although Plaintiffs do not cite diversity jurisdiction, the Magistrate Judge will consider whether there is subject matter jurisdiction under 28 U.S.C. § 1332.  According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005) (citations omitted). Although Plaintiff's Complaint does allege damages exceeding the amount in controversy requirement, Plaintiffs' Complaint does not contain any facts to establish citizenship of any of the Defendants.  Therefore, Plaintiffs have not met their

---

[1] The Court is unaware of any of cognizable claim under federal law based on Plaintiff's claims of discriminatory and deceitful business practices, failure to follow covenant violations enforcement process, making false allegation about motor vehicle being inoperable, failure to show proof of authority, failure to give notice of annually meetings, alleged false conversation claims, alleging false emergency incidents, threatening illegal towing, or alleging personal items as garbage with regard to a homeowner in a homeowner's association.

burden of pleading diversity jurisdiction and the Court does not have diversity jurisdiction over Plaintiff's Complaint.

## CONCLUSION

For all these reasons, the Magistrate Judge recommends that this Court dismiss Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction.

Respectfully Submitted this 13th day of December, 2017.

**s/Edward G. Bryant**

UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**