IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| FRANCOIS JOHNSON and ) | |
| TIA JOHNSON, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 2:17-cv-02260-JTF-egb |
| ) | |
| VILLS. OF BENNINGTON PROP. ) | |
| OWNERS CONSERVANCY; CRYE- ) | |
| LEIKE MGMT. CO.; ABDULLAH HASAN; ) | |
| WILLIAM E. MILLER & ASSOCS.; and ) | |
| WILLIAM MILLER, ) | |
| ) | |
| Defendants. ) | |

_____

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION FOR DISMISSAL AND DENYING MOTION TO
AMEND COMPLAINT
_____

Before the Court is the Report and Recommendation entered by the Magistrate Judge in the above-styled case. (ECF No. 11.) On April 14, 2017, Plaintiffs filed their *pro se* Complaint, accompanied by their Motions seeking leave to proceed *in forma pauperis* ("*IFP*"). (ECF Nos. 1, 2, & 3.) Pursuant to Administrative Order 2013-15, this case was assigned to the Magistrate Judge for management of all pretrial matters. On November 22, 2017, the Magistrate Judge entered an Order granting both *IFP* Motions. (ECF No. 10.) The Magistrate Judge subsequently issued a Report and Recommendation on December 13, 2017, suggesting that this Court dismiss Plaintiffs' Complaint in its entirety for lack of subject matter jurisdiction. (ECF No. 11, 6.) Plaintiff did not file any Objections to the Report and Recommendation, and the deadline for doing so has passed. Plaintiffs did file an Amended Complaint on December 28, 2017. (ECF No. 12.)

## I. FINDINGS OF FACT

Implicit in his Report and Recommendation, is the Magistrate Judge's determination that proposed findings of fact are not necessary in this case. *Compare* Fed. R. Civ. P. 72(b)(1), *with* ECF No. 11. Rather, the Magistrate Judge issued his Report and Recommendation based on Plaintiffs' Complaint and the applicable law. The Court, for purposes of its analysis, similarly incorporates the same as well as Plaintiffs' Amended Complaint.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b), magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The district court may accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310. The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *IFP* until the complaint has been screened under 28

U.S.C. § 1915(e)(2)(B). LR 4.1(b). Courts must screen *IFP* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). To state a claim, courts hold as follows:

> [A] complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. A complaint must have enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Davidson v. Fed. Bureau of Prisons*, No. 17-5429, 2017 U.S. App. LEXIS 24272, at *6 (6th Cir. Nov. 29, 2017).

Additionally, Courts must remain conscious that *pro se* pleadings, though not free from basic pleading requirements, are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

### III. ANALYSIS

Upon *de novo* review of the Magistrate Judge's Report and Recommendation, this Court agrees with the Magistrate Judge's recommendation to dismiss Plaintiff's original Complaint for lack of subject matter jurisdiction. A federal district court has original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States", i.e., federal-question jurisdiction, or "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states", i.e., diversity jurisdiction. 28 U.S.C. §§ 1331–1332.

The Court agrees with the Magistrate Judge's determination that Plaintiffs' original Complaint should be dismissed for lack of subject-matter jurisdiction. As noted by the Magistrate Judge, Plaintiffs' original Complaint does not present a federal question. (ECF No. 11, 5.) Whether a claim presents a federal question is determined by looking to what appears in the plaintiff's statement of his own claim. *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). Here, Plaintiffs' Complaint does not cite the Constitution, laws, or treaties of the United States but, rather, generally cites the federal-question statute. Accordingly, Plaintiffs' Complaint fails to demonstrate that this Court retains federal-question jurisdiction over the instant matter.

Moreover, Plaintiffs' Complaint fails to demonstrate the presence of diversity jurisdiction. Diversity Jurisdiction requires, in part, complete diversity between all plaintiffs and all defendants. L*incoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citation omitted). Here, however, Plaintiff has not alleged diversity of citizenship amongst any of the parties to the present case. Thus, this Court agrees with the Magistrate Judge's recommendation to dismiss this action in its entirety for failure to state a claim for lack of subject matter jurisdiction.

<u>Motion to Amend Complaint</u>

Since the filing of Plaintiffs' original Complaint, Plaintiffs filed an Amended Complaint. (ECF No. 12.) The Court additionally construes the filing as Plaintiffs' Motion to Amend Complaint. Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it and in all other cases, the court should freely give leave when justice so requires. *See* Fed. R. Civ. P. 15(a); *see also LaFountain*, 716 F.3d at 951. For example, a motion to amend a complaint should be denied if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court finds that Plaintiffs' Motion to Amend Complaint should be denied because allowance of the amendment would be futile. In their Amended Complaint, Plaintiffs attempt to fix insufficiencies in their original Complaint, as found by the Magistrate Judge. (*Compare* ECF No. 11, *with* ECF No. 12.) Specifically, the Amended Complaint supplements or modifies Plaintiffs' discrimination claims and false statement claim, while adding a contract ultra vires claim and racketeering allegation.

The Court finds that Plaintiffs' Amended Complaint does not adequately state a claim for relief under the Fair Housing Act. Plaintiffs assert a general claim for discrimination under the Fair Housing Act and a specific claim alleging age discrimination by Defendants against Plaintiffs. The only factual support Plaintiffs give for the assertion is their submission that their neighbors, who are retired and more senior to Plaintiffs, are allowed exceptions. (ECF No. 12, 6:2.) Plaintiffs neither specify what exceptions nor provide any other supporting facts. Accordingly, the Court concludes that Plaintiff's Amended Complaint, as to this issue, is insufficient to state a plausible claim to relief and, thus, allowance of the Amended Complaint would be futile.

Next, the Court finds that Plaintiffs' Amended Complaint fails to adequately state a claim that Defendants violated 31 U.S.C. § 3802, otherwise known as the Program Fraud Civil Remedies ("PFCRA"). "The PFCRA was enacted to allow federal agencies to recover penalties and assessments from individuals who have obtained benefits or payments from the government by making false or fraudulent claims." 31 U.S.C. § 3102; *see also Bolden v. McCabe, Weisberg & Conway, LLC*, No. DKC 13-1265, 2014 U.S. Dist. LEXIS 32453, at *6 (D. Md. Mar. 13, 2014). To be certain, the PFCRA "was not enacted for citizens to utilize as a cause of action against an administrative agency." *Ellis v. Dep't of Veterans' Affairs*, No. CV-05-257-RHW,

2006 U.S. Dist. LEXIS 6061, at *3 (E.D. Wash Jan. 27, 2006). Here, Plaintiffs are private citizens, and no Defendant is a federal department or agency. Accordingly, Plaintiffs do not state a plausible entitlement to relief under this cause of action, and thus, their Amended Complaint must be denied as futile on the claim.

The Court also finds that Plaintiffs do not adequately state a claim showing entitlement to relief on their contract ultra vires claim. Plaintiffs assert that the home owner contract at issue is in violation of the Doctrine of Ultra Vires because the Villages of Bennington Property Owners Conservancy Contract was created as part of a mortgage contract by Wells Fargo Bank that loaned its credit. (ECF No. 12, 4.) As a result, Plaintiffs contend, the contract is void. (*Id.* at 6.) Contract ultra vires occurs when a corporation contracts outside the object of its creation as defined in the law of its organization, and therefore beyond the powers conferred upon it by the legislature. *Central Transp. Co. v. Pullman's Palace Car Co.*, 139 U.S. 24, 59 (1891). A contract ultra vires is unlawful and wholly void. *Pullman's Palace Car Co.*, 139 U.S. at 60.

Plaintiffs claim that the Villages of Bennington Property Owners Conservancy Contract is ultra vires is of no avail. Plaintiffs have not provided sufficient facts for this Court to conclude that the instant allegation states a plausible claim to relief. Other than the conclusory assertion that Wells Fargo Bank loaned its credit, Plaintiff's provide no other support for their claim. Accordingly, this Court finds that allowance of Plaintiffs' Amended Complaint, on this point, would be futile because the Complaint does not provide a short and plain statement of the claim showing a plausible entitlement to relief.

Lastly, the Court finds that Plaintiffs' Amended Complaint does not adequately state a claim for racketeering. Plaintiffs assert that Defendants wrongfully used the mail services to charge and collect money from Plaintiffs, given the contract, as Plaintiffs allege, is ultra vires.

(ECF No. 12, 7:34–35.) This contention, however, in unpersuasive in light of the Court's finding that Plaintiffs' allegations that the Villages of Bennington Property Owners Conservancy Contract is ultra vires is insufficient to state claim for relief

## IV. CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** this action in its entirety and **DENIES** Plaintiffs' Motion to Amend Complaint.

**IT IS SO ORDERED** on this 24th day of January 2018.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge